UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DAVID JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>R. ROSALEZ, et al.,<br><br>    Defendants. | Case No. 22-cv-04091-JSW<br><br>**ORDER OF PARTIAL DISMISSAL AND OF FURTHER SERVICE** |

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. The complaint was served upon Defendant Cuevas. Plaintiff filed an amended complaint. For the reasons discussed below, certain claims are DISMISSED for failure to state a cognizable claim for relief, and certain additional Defendants are ordered served. Dispositive motions, including by Cuevas, are rescheduled below as well.

## DISCUSSION

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  LEGAL CLAIMS**

In his amended complaint, Plaintiff reiterates his claim that Cuevas retaliated against him for filing a prior lawsuit. That claim has already been found cognizable. His amended complaint adds a claim against Assistant Warden R. Rosalez, Lieutenant D. Campbell, Captain A. Maxfield, J. Arnold, and Warden R. Broomfield for failing to adequately train, supervise, and/or discipline Cuevas. When liberally construed, Plaintiff's allegations state a cognizable claim for relief against these Defendants on the theory that their errors caused Cuevas to commit a constitutional violation (retaliation) against Plaintiff.

Plaintiff also adds claims under the Equal Protection Clause against Cuevas, and against all Defendants for causing him emotional distress. Plaintiff claims that Cuevas and his subordinates Defendants Stribling and Peters violated his equal protection rights when he "deliberately singled Plaintiff out" for harassment when Plaintiff was re-entering from the yard. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center,* 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). Plaintiff does not allege that

2

Cuevas treated similarly situated prisoners differently than Plaintiff: Plaintiff alleges that Cuevas searched him in a sexually harassing manner because of Plaintiff's prior lawsuit, but not that Cuevas treated other prisoners who filed a lawsuit against him differently. Plaintiff's theory is that Cuevas sexually harassed him because of his prior lawsuit; that states a claim against Cuevas for retaliation, but not for an equal protection violation absent allegations that Cuevas treated similarly situated prisoners --- i.e. prisoners who had also filed suit against him --- differently. As there are no such allegations, the equal protection claim is not cognizable.

Plaintiff also adds an allegation that Defendants S. Stribling and L. Peters, two Correctional Officers, were subordinates of Cuevas and participated in "harassing" Plaintiff because of Plaintiff's prior lawsuit. Plaintiff does not, however, allege what actions Stribling and Peters took in retaliation for the lawsuit. Against Cuevas, Plaintiff alleged specific actions during a search that constituted sexual harassment;[1] he does not make similarly specific allegations against Stribling and Peters. The simple allegation of "harassment" is too conclusory, under *Twombly*, to state a plausible retaliation claim because it cannot be discerned whether Stribling and Peters took actions that would chill an ordinary person from exercising her First Amendment rights, which is an essential element of a retaliation claim. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Consequently, there is no cognizable retaliation claim against Stribling and Peters.

Plaintiff's claim that Defendants' actions caused him severe emotional distress is also not cognizable. The Prisoner Litigation Reform Act (PLRA) provides that prisoners may recover for mental or emotional injuries suffered while incarcerated only if they first show that they suffered a physical injury. 42 U.S.C. § 1997e(e). Plaintiff alleges no physical injury caused by Defendants, and absent such injury, he cannot obtain damages for emotional distress. Consequently, this claim is not cognizable.

---

[1] The Court deems the allegations in the original complaint regarding Cuevas's conduct when Plaintiff returned from the yard to be incorporated in the Amended Complaint. Although this is not ordinarily allowed, the Court makes an exception in this instance because of Plaintiff's pro se status and in the interest of judicial economy.

**CONCLUSION**

For the reasons set out above,

1. The equal protection and emotional distress claims are DIMISSED, and the claims against Defendants S. Stribling and L. Peters are DISMISSED.

2. Defendants Assistant Warden R. Rosalez, Lieutenant D. Campbell, Captain A. Maxfield, Captain J. Arnold, and Warden R. Broomfield shall be served at San Quentin State Prison.

Service shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the Amended Complaint, this Order, a CDCR Report of E-Service Waiver form, and a summons. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons, and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3. Defendant **shall** file an answer in accordance with the Federal Rules of Civil Procedure.

4. In order to expedite the resolution of this case:

   a. No later than **60 days** from the date this order is filed, Defendants, including

Cuevas and the Defendants ordered served herein, shall file a motion for summary judgment or other dispositive motion.[2]  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.  All papers filed with the court shall be promptly served on the plaintiff.

       b.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon Defendants no later than **28 days** from the date of service of the motion.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

       c.  Defendanst **shall** file a reply brief no later than **14 days** after the date of service of the opposition.

       d.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

       e.  Along with his motion, defendants shall file proof that they served plaintiff the *Rand* warning at the same time they served him with their motion.  Failure to do so will result in the summary dismissal of their motion.

5. All communications by the plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or their counsel.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

Plaintiff is reminded that state prisoners inmates may review all non-confidential material in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1.  Requests to

---

[2] The prior deadline for dispositive motions set forth in the original Order of Service is vacated.

review these files or for copies of materials in them must be made directly to prison officials, not to the court.

7. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: October 24, 2022

_____
JEFFREY S. WHITE
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.