UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DAVID JOHNSON,<br><br>    Plaintiff,<br><br>  v.<br><br>A. CUEVAS, et al.,<br><br>    Defendants. | Case No. 22-cv-04091-JSW<br><br>**ORDER GRANTING MOTION TO REVOKE LEAVE TO PROCEED IN FORMA PAUPERIS; DENYING MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 20 |

    Plaintiff, an inmate at Salinas Valley State Prison, filed this civil rights case under 42 U.S.C. § 1983. He was granted leave to proceed in forma pauperis ("IFP"). Plaintiff claims that Defendants retaliated against him for his prior lawsuits. Plaintiff filed an opposition and a motion for summary judgment.

    The Prison Litigation Reform Act of 1995 ("PLRA") provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A prisoner must be given notice of the potential applicability of Section 1915(g), by either the district court or the defendants, but the prisoner bears the ultimate burden of persuasion that Section 1915(g) does not bar pauper status for him. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

    It is undisputed that Plaintiff has had three or more cases or appeals that qualify as dismissals under Section 1915(g), i.e. "strikes." *See Johnson v. Davis*, Case No. 21-15093 (9th Cir., Sept. 17, 2021); *Johnson v. Agpoon,* Case No. 21-15606 (9th Cir., Sept. 16, 2021) (appeal dismissed as frivolous); *Johnson v. Agpoon*, Case No. 20-cv-06676-LHK (N.D. Cal., Mar. 9,

2021) (dismissed for failure to state a claim upon which relief may be granted); *Johnson v. Davis*, Case No. 20-cv-02851-LHK (N.D. Cal., Jan. 4, 2021) (dismissed for failure to state a claim upon which relief may be granted); *Johnson v. California Prison Industry Authority*, Case No. CIV S-11-0164 CKD P (E.D. Cal., Dec. 21, 2011) (dismissed for failure to file amended complaint after dismissal for failure to state a upon which relief may be granted); *Johnson v. Sisto*, Case No. 08-cv-01962-RRC (E.D. Cal., July 26, 2010) (dismissed for failure to state a claim upon which relief may be granted).

As Plaintiff has at least three strikes, he may not proceed in forma pauperis unless he was in any imminent danger of serious physical injury when he filed this case. The plain language of the imminent danger clause in Section 1915(g) indicates that "imminent danger" is to be assessed at the time the prisoner filed his case. *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). Plaintiff has not set forth any allegations showing that he was in imminent danger of serious physical injury when he filed this case in July 2022. He does not allege any serious illness or imminent physical threat to him. He claims that Cuevas sexually harassed him during a clothed body search, but this claim concerns a single incident in December 2021, seven months before he filed his complaint. Plaintiff alleges no facts that plausibly indicate he was subject to ongoing sexual harassment or threat of such, or any other physical endangerment, in July 2022. Accordingly, the imminent danger exception does not apply.

Defendants' motion to revoke permission to proceed in forma pauperis is GRANTED. Within **28 days** of the date this order is filed, plaintiff must pay the full $350.00 filing fee; **failure to do so will result in the dismissal of this case without prejudice to Plaintiff bringing his claims in a new civil rights case in which he pays the filing fee.**

Plaintiff's motion for summary judgment is DENIED as premature. He may re-file, or file a notice that he wishes to revive, his motion after he has paid the filing fee.

**IT IS SO ORDERED.**

Dated: January 12, 2023

_____
JEFFREY S. WHITE
United States District Judge

2